IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TORRY E. ANDERSON,

                Petitioner,

v.

RANDALL HEPP,

                Respondent.

ORDER

20-cv-1040-jdp

---

Torry E. Anderson, appearing pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2017 judgment of conviction for 18 counts related to domestic abuse, including second-degree sexual assault, second-degree recklessly endangering safety, false imprisonment, and substantial battery, entered in Monroe County Case No. 2016CF65. He challenges his conviction on the following grounds: (1) the prosecution violated his constitutional rights by using its peremptory strikes against male prospective jurors; and (2) his trial counsel was ineffective by failing to object to the strikes of male prospective jurors.

I directed the state to answer the petition, Dkt. 2, and it has done so. Anderson has filed two motions under Rules 5 and 7 of the Rules Governing Section 2254 Proceedings asking the court to direct respondent to expand the record with materials additional to those that respondent has already provided in his response. Dkt. 11 and Dkt. 16. I will deny Anderson's motions.

Anderson wants respondent to supplement the record with "the remainder of filings in the State court proceedings" and to submit "all the discovery generated with respect to" his convictions. Dkt. 11. Anderson states that these additional materials "will give this court a

better understanding of the procedural posture, including exhaustion of state court remedies, and will also be necessary for me to demonstrate that I am entitled to relief." *Id.*

If what Anderson means is that he wants additional materials submitted to prove that he has exhausted his claims, respondent has not yet raised the defense that Anderson failed to exhaust the grounds stated above, so there is no need to expand the record on that issue. If the parties' substantive briefing makes clear that there are exhaustion issues that will need to be addressed by referring to documents outside the current record, the parties may seek expansion of the record then.

Anderson's argument that he needs additional materials to support his substantive habeas grounds is focused on discovery from his criminal case. In his reply brief, Anderson states that the discovery "describes alleged domestic violence, and it was this evidence that caused the prosecutor to impermissibly strike jurors on the basis of sex, and this the discovery is essential to demonstrate why the prosecutor would have violated [*Batson v. Kentucky*, 476 U.S. 79 (1986)] in the first instance." Dkt. 15, at 2.

But in this habeas proceeding, my task is to review the reasonableness of the state court rulings regarding the selection of jurors, limited to the record that was before the state court. *See Cullen v. Pinholster*, 563 U.S. 170, 185 (2011) ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court."). My review of the circuit court postconviction proceedings and Anderson's appeal do not suggest that the courts relied on discovery materials in making their rulings. Rather, the *Batson* challenge was grounded in the more general fact that the prosecutor struck five men from the jury pool in a case involving a man sexually assaulting a woman. Because Anderson fails to show that any particular discovery

materials were pertinent to the state court decision that I will be reviewing in this habeas action, I will deny his motion to expand the record. The next step is for the parties to brief Anderson's habeas petition. I will set a schedule for doing so in the order below.

ORDER

IT IS ORDERED that:

1. Petitioner Torry E. Anderson's motions to expand the record, Dkt. 11 and Dkt. 16, are DENIED.

2. Petitioner may have until May 30, 2022, to submit his brief in support of his habeas petition. Respondent may have until June 30, 2022, to file his response. Petitioner may have until July 20, 2022, to file his reply.

Entered May 3, 2022.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge