IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TORRY E. ANDERSON,

                            Petitioner,

   v.                                                      OPINION and ORDER

WARDEN RANDALL HEPP,                        20-cv-1040-jdp

                            Respondent.

---

Petitioner Torry E. Anderson brings this petition for writ of habeas corpus under 28 U.S.C. § 2254 after a jury convicted him on 18 criminal counts arising from domestic abuse of his wife. Anderson raises a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), based on trial counsel's failure to object to the state's use of all its peremptory strikes on men. *See Batson v. Kentucky*, 476 U.S. 79 (1986); *J.E.B. v. Alabama*, 511 U.S. 127 (1994). I will deny the petition.

BACKGROUND

The state charged Anderson with 18 criminal counts after he beat, hog tied, and sexually assaulted his wife at knifepoint while repeatedly threatening to kill her. Dkt. 1-3 at 1; Dkt. 10-2 at 5–6. Before trial, a prospective jury of 23 people was empaneled consisting of 12 men and 11 women. Dkt. 10-9 at 9–11. After voir dire, the state exercised its five peremptory challenges to excuse five men. Dkt. 10-4 at 2. Defense counsel Bernardo Cueto exercised his peremptory challenges to remove five women. Dkt. 10-2 at 7. The final trial jury consisted of seven men and six women. Dkt. 10-9 at 83–84. The jury found Anderson guilty and the trial court imposed a 17-year sentence. Dkt. 1-3 at 1.

Anderson moved for postconviction relief in the circuit court, contending that Cueto provided ineffective assistance by failing to object under *Batson* to the prosecutor's use of all his peremptory strikes on men. *See id.*; Dkt. 1-5. Anderson later abandoned his claim that Croninger's use of peremptory strikes on jurors Bubnich and Bisinger violated *Batson*. *See* Dkt. 10-1 at 10, 16; Dkt. 10-4 at 3; Dkt. 10-11 at 25.

The circuit court held an evidentiary hearing at which Cueto and the prosecutor, Kevin Croninger, testified. Dkt. 10-4 at 2; Dkt. 10-10. The circuit court ruled that Croninger provided gender-neutral explanations for decision to strike jurors Hansen, Gerke, and Cox, and that Anderson failed to show that Croninger's decision was discriminatory. *See* Dkt. 10-11 at 25–31; Dkt. 10-4 at 2.

Anderson appealed and the state court of appeals affirmed. Dkt. 10-4. The court ruled that Croninger gave facially nondiscriminatory reasons for striking Hansen, Gerke, and Cox, and it accepted the circuit court's credibility determination that Croninger's gender-neutral explanations were nondiscriminatory. *See id.* at 4–6. Because the circuit court would have rejected a *Batson* challenge, the state court of appeals concluded that Cueto's failure to press the issue did not violate *Strickland*. *Id.* at 6.

Postconviction counsel filed a no-merit petition for review under Wis. Stat. § 809.32. Dkt. 10-5. Anderson did not file a supplemental petition. Dkt. 27 at 4; *see* Dkt. 10-6. The state supreme court denied the petition for review in a summary order. Dkt. 10-8.

Anderson filed his federal petition, which is now fully briefed and ready for decision.

ANALYSIS

A.  **Legal standards**

*Batson* held that the Equal Protection Clause prohibits prosecutors from exercising peremptory challenges on the basis of race. *Davis v. Ayala*, 576 U.S. 257, 270 (2015). The Supreme Court extended the constitutional prohibition on discrimination in jury selection to gender. *Winston v. Boatwright*, 649 F.3d 618, 622 (7th Cir. 2011) (citing *J.E.B*, 511 U.S. at 128–29).

When adjudicating *Batson* claims, trial courts follow a three-step process: "First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of [gender]; second, if that showing has been made, the prosecution must offer a [gender]-neutral basis for striking the juror in question; and third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination." *See Ayala*, 576 U.S. at 270. The party opposing the strike "bears the burden of persuasion regarding [discriminatory] motivation, and a trial court's finding regarding the credibility of an attorney's explanation of the ground for a peremptory challenge is entitled to great deference[.]" *See id.* at 271 (citations omitted); *see also Rice v. Collins*, 546 U.S. 333, 338 (2006) (The third step involves evaluating the persuasiveness of the justification that the prosecutor gives, but "the ultimate burden of persuasion regarding [gender] motivation rests with, and never shifts from, the opponent of the strike.").

On direct appeal, the trial court's "findings may be reversed only if the trial judge is shown to have committed clear error." *Ayala*, 576 U.S. at 271. Under § 2254, "even more must be shown." *Id.* "A federal habeas court must accept a state-court finding unless it was based on 'an unreasonable determination of the facts in light of the evidence presented in the State court

3

proceeding.'" *Id.* (quoting 28 U.S.C. § 2254(d)(2)). A state court's factual finding is unreasonable only if there is no possibility of reasonable agreement with the finding. *See Brumfield v. Cain*, 576 U.S. 305, 313–14 (2015); *Wood v. Allen*, 558 U.S. 290, 301–02 (2010); *see also Ayala*, 576 U.S. at 274 (Even if reasonable minds reviewing the record might disagree about the prosecutor's credibility, that "does not suffice to supersede the trial court's credibility determination" on habeas review.). Anderson bears the burden to show an error under § 2254(d). *See Westray v. Brookhart*, 36 F.4th 737, 746 (7th Cir. 2022).

## B. The state courts' application of the standards

The state court of appeals determined that Croninger gave gender-neutral explanations for striking Hansen, Gerke, and Cox. Dkt. 10-4 at 4. The record supports this determination. Croninger testified that he struck Hansen because he was the victim in a criminal case that the state dismissed and believed that Hansen would "potentially harbor some mistrust" of the state. *See* Dkt. 10-10 at 33; Dkt. 1-7 ¶ 17. Croninger testified that he struck Gerke and Cox because they made no statements during voir dire, which he believed showed that they were disinterested in participating in the process. *See* Dkt. 1-7 ¶¶ 9–10. Croninger added that, in his prosecutorial experience, "potential jurors who show a lack of interest in participation are more likely to render an unfair verdict." *Id.* ¶ 10. It is at least arguable that these reasons are "clear and reasonably specific," "related to [Anderson's] case," and "not inherently discriminatory." *See Rice*, 546 U.S. at 338; *Purkett v. Elem*, 514 U.S. 765, 768–69 (1995). Anderson has not seriously contended otherwise, focusing his arguments on *Batson*'s third step. *See* Dkt. 26 at 26–33. The state court of appeals' determination that Croninger provided gender-neutral reasons was reasonable.

The state court of appeals accepted the trial court's determination that Croninger's gender-neutral explanations were credible and nondiscriminatory. *See* Dkt. 10-4 at 6. I will evaluate the reasons that the circuit court provided to support this determination. *See Dassey v. Dittmann*, 877 F.3d 297, 316 (7th Cir. 2017) ("Because the Wisconsin appellate court accepted the trial court's findings of fact, we review the trial court's factual determinations directly."). The trial court relied primarily on three findings: (1) Cueto testified that men and women can be equally critical of crimes involving a man's assault of a woman; (2) there was no evidence that Croninger had a history of using gender as a basis to strike jurors; and (3) there was virtually no evidence to rebut Croninger's gender-neutral reasons. *See* Dkt. 10-11 at 29–31. The record supports these findings. *See* Dkt. 10-10 at 26–27 (Cueto's relevant testimony); *id.* at 32–34 (postconviction counsel's taking Croninger's affidavit at "face value" during the evidentiary hearing).

Anderson has failed to meet the high standard of refuting any possibility of reasonable agreement with the trial court's credibility determination. Anderson contends that Croninger's lack of a history of using gender as a basis to strike jurors is an inappropriate consideration. But, because the defendant may present "relevant history of the State's peremptory strikes in past cases" to prove that strikes were discriminatory, it arguably follows that the state may use the absence of such a history to support its facially neutral explanations. *Cf. Flowers v. Mississippi*, 139 S. Ct. 2228, 2243 (2019). Anderson may "establish a prima facie case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges at [his] trial." *Batson*, 476 U.S. at 96. But Anderson has not shown that this rule barred the circuit court even from considering Croninger's lack of a history of striking jurors in determining whether Anderson met his burden

of persuasion at *Batson*'s third step. *Cf. Harris v. Hardy*, 680 F.3d 942, 952 (7th Cir. 2012) ("*Batson* instructs that in deciding if a defendant has shown purposeful discrimination, courts must consider such circumstantial and direct evidence of intent as may be available.").

Anderson contends that Croninger's reasons for striking Gerke and Cox are pretextual because, if he "wished to strike two potential jurors who were not interested in the process, [he] could have stricken two of the several women panelists who also failed to answer any questions." Dkt. 26 at 27. As Anderson suggests, if Croninger's "proffered reason for striking a [male] juror applies equally to an otherwise-similar [female] juror who was not stricken, that is evidence tending to prove purposeful discrimination[.]" *See United States v. Bard*, 73 F.4th 464 (7th Cir. 2023). But, apart from their failure to answer any questions, Anderson has not explained how the female jurors who failed to answer any questions were similarly disinterested as Gerke and Cox. Croninger's failure to strike women who did not answer any questions does not, by itself, show this reason was pretextual. *Cf. United States v. Lovies*, 16 F.4th 493, 503 (7th Cir. 2021) ("[P]rospective jurors can demonstrate their attentiveness through non-verbal means.").

Anderson questions the honesty of Croninger's testimony that he struck Hansen because he would potentially mistrust the state because he was a victim in a dismissed criminal case. Anderson notes that Croninger did not ask Hansen if he could be fair despite this specific incident, instead asking whether he could be fair despite having previously "interacted" with the district attorney's office. *See* Dkt. 1-7 ¶ 17; Dkt. 26 at 29–30. But Croninger testified that he did not "inquire further" because, based on his prosecutorial experience, crime victims whose cases have been dismissed are particularly likely to misstate that they can be fair. *See* Dkt. 10-10 at 33–34. Anderson has not cited any evidence undermining this testimony,

6

and his reasoning about Croninger's alleged dishonesty is too speculative to show § 2254(d)(2) error. *Cf. Dassey*, 877 F.3d at 317 ("Habeas review does not permit us to use a set of debatable inferences to set aside the conclusion reached by the state court.").

Anderson has not identified evidence sufficient to overcome the great deference owed to the circuit court's determination that Croninger's gender-neutral explanations for striking Hansen, Gerke, and Cox were credible or to demonstrate error under § 2254(d)(2). Because Anderson has not shown that the state courts unreasonably applied *Batson*, he cannot show that they unreasonably denied his *Strickland* claim. *See Warren v. Baenen*, 712 F.3d 1090, 1105–06 (7th Cir. 2013) (counsel's failure to raise meritless claim does not violate *Strickland*).[1]

Anderson also attempts to argue that trial counsel's failure to raise a *Batson* challenge to Croninger's use of peremptory strikes on Bubnich and Bisinger violated *Strickland*. I will not consider this argument because Anderson abandoned it in state court. *See* 28 U.S.C. § 2254(b)(1)(A) (stating that a habeas petition may not be granted unless the petitioner has exhausted state court remedies). Because Anderson has not shown good cause for his failure to exhaust this claim, I will not stay the case and hold the petition in abeyance while he attempts to exhaust state-court remedies. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).

Anderson asks the court to reconsider its decision denying his motion to expand the evidentiary record. I decline this request because Anderson has not shown that the court's decision was erroneous. *See* Dkt. 26 at 34; Dkt. 17. No evidentiary hearing is warranted

---

[1] The record does not support respondent's contention that Anderson procedurally defaulted this claim. *See* Dkt. 10-8 (state supreme court's denying review in summary order); *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) (federal habeas court must "look through" the summary order and presume that it "adopted the same reasoning" as lower court's decision).

because, as my analysis shows, "the record . . . precludes habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). I have resolved the issues raised in the petition "by reference to the state court record." *Id.*; *see also Stechauner v. Smith*, 852 F.3d 708, 721–22 (7th Cir. 2017) (no evidentiary hearing allowed if § 2254(d) bars relief).

## CERTIFICATE OF APPEALABILITY

Because Anderson seeks relief under § 2254, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Anderson makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability on his meritless claim, Anderson "must demonstrate that reasonable jurists would find [my] assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a certificate of appealability on his unexhausted claim, Anderson must demonstrate that reasonable jurists would debate whether my procedural ruling is correct and whether the petition states a valid claim of the denial of a constitutional right. *Id.* at 478. Because Anderson cannot make this showing, I deny a certificate of appealability. Anderson may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

## ORDER

IT IS ORDERED that:

1. Petitioner Torry E. Anderson's petition, Dkt. 1, is DENIED, and a certificate of appealability is DENIED.

2. The clerk of court is directed to enter judgment and send petitioner copies of this order and the judgment.

Entered September 1, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge
